**PUBLIC WATER SUPPLY DISTRICT No. 3 OF JACKSON COUNTY, MISSOURI, a public corporation,**

v.

**The UNITED STATES.**

No. 616–52.

United States Court of Claims.

Dec. 6, 1955.

---

Arnold N. Shanberg, Kansas City, Mo., for the plaintiff. I. Frank Rope and Rope, Shanberg & Rope, Kansas City, Mo., were on the briefs.

Thomas L. McKevitt, Washington, D. C., with whom was Asst. Atty. Gen. Perry W. Morton, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is a suit to recover just compensation allegedly due the plaintiff by reason of the acquisition by the United States of certain property situated within the water district. The action is based upon the Fifth Amendment to the Constitution.

The question presented is whether a taking within the meaning of the Fifth Amendment occurs when the United States acquires property within a water district which has issued bonds payable in annual installments from tax assessments against all taxable property in the district.

The material facts in this case are not in dispute and have been stipulated by the parties.

The plaintiff is a public corporation which was originally organized and incorporated under and pursuant to a decree of the Circuit Court of Jackson, Missouri, dated October 5, 1936. The decree was properly recorded in the office of the Recorder of Deeds on October 21, 1936, and sets forth, *inter alia*, the boundaries of the corporation district, and the powers of the plaintiff corporation to provide water for the district, to contract indebtedness and issue general or special obligation bonds, and to certify to the county court or county courts amounts to be provided by the levy of a tax upon all taxable property within the district for the purpose of creating an interest and sinking fund for the payment of general obligation bonds of the district and interest thereon. Since that date, and at all times material to this cause of action, the plaintiff has continually existed in accordance with the laws of the State of Missouri, and has operated a public water supply system, selling water to all landowners and residents within the district who desire to purchase it at the rates established by the plaintiff. Landowners and residents are not required to purchase water from the plaintiff.

The original area included in the plaintiff water district covered approximately 9,320 acres of land in Jackson County, Missouri. This area was gradually increased by annexations until in 1950 the area covered approximately 10,673 acres.

On November 2, 1936, after the issuance of general obligation bonds had been duly authorized by an election within the district, the directors of the plaintiff corporation passed a resolution authorizing the issuance of such bonds in the total sum of $62,000. The purpose

of issuing these bonds was to obtain funds with which to finance the construction of a waterworks system. The bonds were issued and were sold to private investors on November 30, 1936, for valuable consideration and were duly registered.

Acting under its express powers the plaintiff each year since 1937 has certified to the County Court of Jackson County the millage required to be levied by the court to pay the portion of the bonded obligation, both principal and interest, due in that particular year. In computing this amount the plaintiff's board of directors ascertains the total assessed value of all taxable land in the district and then determines the millage required to produce the amount due. Each year the County Court of Jackson County makes the requested levy and this item then appears as a part of each landowner's *ad valorem* tax bill.

On April 2, 1946, a second issuance of general obligation bonds in the total sum of $120,000 was authorized by the directors of the plaintiff corporation after the issuance had been first authorized by an election in the district. The purpose of issuing these bonds was to obtain funds with which to extend the plaintiff's water lines into new territory which had been annexed, construct a new water tower, and replace certain mains which were beginning to wear. The bonds so authorized were issued and sold on May 7, 1946, for valuable consideration, and were duly registered. The portion of the bonded obligation coming due each year has been paid in the same manner as the first bond issue, i. e., by an *ad valorem* tax upon all taxable property in the district.

On or about June 25, 1942, the Defense Plant Corporation, a wholly owned Government corporation, acquired certain real estate, comprising a total of some 394 acres of land, designated Plancor 1213. More than half of the land was within the original boundaries of the plaintiff water district, and it was this property that eventually gave rise to the present dispute. In 1942 and 1943 the Defense Plant Corporation constructed, primarily upon the land within the original water district, an extensive plant for the manufacture of war equipment.

On June 30, 1945, the Reconstruction Finance Corporation succeeded to all rights and liabilities of the Defense Plant Corporation. Near the end of 1947 the Reconstruction Finance Corporation conveyed the property designated Plancor 1213 to the defendant by a quitclaim deed dated December 26, 1947, said deed being recorded in the office of the Recorder of Deeds of Jackson County, Missouri, at Kansas City, on December 29, 1947. The plaintiff water district was not a party to this quitclaim deed. The defendant acquired the property for a U. S. Naval Industrial Reserve Plant. Approximately 225 acres of the land were situated within the plaintiff water district.

During the period from 1943 to 1947 that the Plancor 1213 property was owned by the Defense Plant Corporation and the Reconstruction Finance Corporation, real property taxes including taxes assessed on behalf of the plaintiff water district were fully paid. For the year 1948, and for the years subsequent thereto, the Plancor 1213 property was and has been carried on the tax rolls of Jackson County, Missouri, as exempt. No tax levy for the benefit of the plaintiff water district has been entered against the defendant by Jackson County since defendant's acquisition of property within the plaintiff water district, nor has any other type of tax or assessment been extended against the property.

The plaintiff water district furnished water to contractors at the Plancor 1213 site from September 1942 to November 1943 during the construction of the plant, and all costs thereof were paid by the Defense Plant Corporation. Since 1943 the Plancor 1213 property has purchased no water from the plaintiff water district.

For the years 1944, 1946, and 1947, the assessed valuation of the Plancor 1213 property within the plaintiff water

district averaged $9,184,600, or approximately 81 percent of the total assessed valuation of all taxable property situated in the water district. For the same years, the water district levy for each year was 1 mill, i. e., 10 cents per $100 of assessed valuation. For the years 1948 through 1952, the Plancor 1213 property was carried as tax exempt, and the water district levy on the other property in the water district was increased to 2 mills in 1948, and to 3 mills in each of the years 1949 to 1952 inclusive.

The plaintiff water district on February 21, 1951, filed a claim with the defendant, and more particularly with the General Accounting Office, and made demand upon the defendant for payment of the amount of $150,532.48. The claim was disallowed by the General Accounting Office on September 5, 1952. The plaintiff now seeks to recover the aforementioned amount in this court.

 The plaintiff water district bases its claim for compensation upon the theory that a taking of its property has occurred within the meaning of the Fifth Amendment. In order to recover on this theory it is incumbent upon the plaintiff to establish that it had an actual property interest which was taken by the United States. It is the opinion of this court that the plaintiff has failed to establish this fact.

The plaintiff does not allege that any tangible property belonging to it was taken by the defendant and the facts clearly reveal that this was not the case. Title to the property acquired by the defendant was not in the plaintiff, and none of the plaintiff's physical facilities were situated on this property. It is rather the plaintiff's contention that by acquiring the property, and thus rendering it immune from taxation, the defendant took from the plaintiff the means of discharging its legal obligation to pay the principal and interest coming due on the bonds each year. Thus, it appears that the only interest of the plaintiff in the real property acquired by the defendant was the right to tax the property. We are of the opinion that this

right to tax did not give the plaintiff an interest in the property which, when terminated, entitled the plaintiff to compensation under the Fifth Amendment. While it is true that ownership of tangible property is not always essential to the establishment of a taking under the Fifth Amendment, the interest must be more than a mere right to tax. A contrary holding would, in effect, be a holding that the United States may never purchase private property without compensating the state or local government for the loss of the right to tax the property purchased. The result of such a holding would be to render the tax immunity of the United States meaningless. We are not prepared to reach such a result.

 Plaintiff water district urges that its interest in the property acquired by the defendant was more than a mere right to tax. It is plaintiff's contention that a lien attached to the property in question when the bonds were originally issued in 1936 and 1946, respectively, and that such lien constituted property within the meaning of the Fifth Amendment at the time the defendant acquired the property. We cannot accept this contention. A careful examination of the Missouri statutes involved does not support the view that a lien on real property was created merely by the issuance of the general obligation bonds. In passing the resolutions authorizing the bond issues, the board of directors of the plaintiff water district was acting pursuant to Section 247.130, subd. 4, Vernon's Ann.Mo.Stat. which reads as follows:

"General obligation bonds, within the meaning of said sections, shall be bonds issued within the limitation of indebtedness prescribed under section 26 of article VI of the Constitution of Missouri, for the payment of which, both principal and interest, a direct tax may be levied upon all taxable property within the district. Before or at the time of issuing general obligation bonds, *the board of directors*

*shall provide for the collection of an annual tax, to be levied upon all taxable property within the district* sufficient to pay the interest on such bonds as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty years from the date of such bonds; provided, however, that the net income and revenues arising from the operation of the waterworks system of such district, after providing for costs of operation, maintenance, depreciation and necessary extensions and enlargements, shall be transferred to and become a part of the interest and sinking fund applicable to such general obligation bonds, unless or until such net revenues are pledged to the payment of special obligations bonds as herein provided." [Italics supplied.]

It is noted that the statute provides that the board of directors "shall provide for the collection of an annual tax, to be levied upon all taxable property * * *". It does not provide that the board shall actually levy a tax at the time the bonds are issued. Another pertinent section of the Missouri Code clearly reveals that the board has no such power. Section 247.050(11), Vernon's Ann.Mo.Stat., provides that one of the powers of the water district shall be as follows:

"To certify to the county court or county courts of the county or counties within which such district is situate, the amount or amounts to be provided by the levy of a tax upon all taxable property within the district to create an interest and sinking fund for the payment of general obligation bonds of the district and the interest thereon."

The above quoted section leaves no doubt that it is the county court which is to levy the annual tax.[1]

Although in its resolutions authorizing the bond issues, the plaintiff's board of directors purported to levy a tax upon all taxable property within the district, the tax was actually levied annually by the Clerk of the County Court of Jackson County after the amount required had been certified to the court in accordance with the statutes quoted above.

The plaintiff relies on the case of United States v. State of Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327, to support its position that a lien came into existence when the bonds were issued. However, the Alabama statute involved in that case expressly provided that taxes are made liens on real property as of a certain assessment date each year. No such statute is involved in the present controversy. Furthermore, the fact situation in the Alabama case is not similar to the one presently before the court.

The plaintiff has failed to establish how the mere issuance of the bonds created any lien in its favor on the property within the district. Furthermore, the statutes involved do not make provision for any such lien. It is therefore our opinion that no lien was created by the mere issuance of the bonds.

Since the plaintiff water district lost no tangible property, and since no lien in its favor existed on the property at the time the defendant acquired it, it is not clear just what property was taken from the plaintiff water district. Plaintiff may still retire its bonded obligation by means of a tax upon "all taxable property" in the district. It may be true that the property owners in the district may be required to pay a somewhat higher tax by reason of the acquisition of property by the defendant. However, this is not an injury to the plaintiff water district.

For the aforementioned reasons we conclude that the plaintiff has failed to establish that a property interest be-

---

1. In Missouri the County Court is the equivalent of the board of county commissioners or a board of supervisors. Its functions are legislative and administrative rather than judicial.

longing to it was taken by the defendant within the meaning of the Fifth Amendment. This failure is fatal to the plaintiff's cause of action. In view of this conclusion, we find it unnecessary to consider other issues raised in this case.

Plaintiff should not recover in this action and its petition is, therefore, dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.